# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3026 | **DATE** | 7/16/2004 |
| **CASE TITLE** | Hall vs. Chicago Journeymen Plumbers' Local Union 130, U.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for summary judgment is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUL 19 2004 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| MF | courtroom deputy's initials | 2004 JUL 16 PM 2:05 date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 31

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNA M. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 03 C 3026 |
| ) | |
| CHICAGO JOURNEYMEN PLUMBERS' ) | Judge John W. Darrah |
| LOCAL UNION 130, U.A., ) | |
| ) | |
| Defendant. ) | |

DOCKETED
JUL 1 9 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Anna M. Hall, filed suit against Defendant, Chicago Journeymen Plumbers' Local Union 130, U.A. Plaintiff alleges that Defendant discriminated Plaintiff on account of her race and gender, in violation of Title VII, by not investigating and following through on a grievance that she filed. Plaintiff also alleges that Defendant breached its duty as a union of fair representation, in violation of 29 U.S.C. § 185. Presently before the Court is Defendant's Motion for Summary Judgment. Plaintiff failed to file a response. For the following reasons, that motion is granted.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although

the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## **BACKGROUND**

Plaintiff failed to respond to Defendant's motion for summary judgment Local Rule 56.1(a) Statement of Facts. Plaintiff's failure to comply with Local Rule 56.1(b) results in accepting as true all facts set out in a Rule 56.1(a) statement. *See Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003). Even though Plaintiff failed to respond to Defendant's statement of material facts and such facts are deemed admitted, Defendant's Motion for Summary Judgment will only be granted if it can demonstrate that there is no genuine issue of material fact and it is

entitled to judgment as a matter of law. *See Johnson v. Gudmundson*, 35 F.3d 1104, 1112 (7th Cir. 1994). Accordingly, the undisputed facts, for the purposes of this motion, taken from Defendant's Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Def.'s 56.1") and exhibits, are as follows.

Plaintiff is an African-American female employed by the City of Chicago as a plumber. Def.'s 56.1 ¶ 11. Plaintiff is a member of Defendant, a labor organization that is authorized to represent members with respect to the terms and conditions of their employment. Def.'s 56.1 ¶¶ 1-2, 11; Compl. ¶ 14. Sometime during her employment with the City of Chicago, Plaintiff went on duty disability leave. Def.'s 56.1 ¶ 12. Plaintiff then requested, from the City of Chicago, that she be permitted to return to work. Compl. ¶ 11. A plumber or caulker who has been injured, like Plaintiff, must obtain a full medical release before she can return to work for the City of Chicago. Def.'s 56.1 ¶¶ 52, 87. Plaintiff was advised that she would not be permitted to return to work because the City of Chicago did not have "light duty" assignment. Compl. ¶ 12.

Plaintiff, though, believed that three Caucasians were taken back after injuries as plumbers or caulkers by Defendant and the City of Chicago and placed on light duty. Def.'s 56.1 ¶¶ 54, 138, 144, 149, 153, 154. Plaintiff also believed that an African-American male was taken back after an injury as a plumber by the City of Chicago and Defendant and placed on light duty. Def.'s 56.1 ¶¶ 81, 138, 144, 152. However, none of these employees ever worked for the City of Chicago on light duty, disability duty, restricted duty, or with any medical or doctor's restrictions or ever filed a grievance such as Plaintiff did. Def.'s 56.1 ¶¶ 144-149.

Plaintiff filed a grievance against the City of Chicago with Defendant and asked Defendant to investigate how many plumbers and caulkers were on duty disability with doctor's

restrictions and where it is stated that no light duty work exists with the City of Chicago. Def.'s 56.1 ¶ 44. Plaintiff received a response from a City of Chicago supervisor indicating that there was no light duty work available in the district where Plaintiff worked. Def.'s 56.1 ¶¶ 49-51. There has never been light duty work available in Plaintiff's district during Plaintiff's period of employment. Def.'s 56.1 ¶¶ 11, 52.

Plaintiff then presented another copy of her grievance to one of Defendant's representatives. Def.'s 56.1 ¶ 53. Plaintiff claimed that other employees who were injured were taken back by the City of Chicago and placed on light duty. Def.'s 56.1 ¶ 54. Plaintiff also wanted to know how many plumbers were on duty disability with doctor's restrictions. Def.'s 56.1 ¶ 57. Although Plaintiff was required to file the grievance with the City of Chicago, Defendant's representative investigated Plaintiff's grievance and informed Plaintiff that the City of Chicago does not have any light duty work available for any plumber or caulker. Def.'s 56.1 ¶¶ 18, 67-70, 73.

Plaintiff was dissatisfied with Defendant's actions regarding her grievance and filed an unfair labor practice charge against Defendants with the Illinois Labor Relations Board on July 22, 2002. Def.'s 56.1 ¶ 92. Plaintiff then filed the instant suit on May 7, 2003.

## ANALYSIS

Plaintiff alleges that Defendant discriminated Plaintiff on account of her race and gender, in violation of Title VII, by not investigating and following through on a grievance that she filed. Plaintiff also alleges that Defendant breached its duty as a union of fair representation, in violation of 29 U.S.C. § 185.

To establish a *prima facie* violation of Title VII against a union, Plaintiff must demonstrate that: (1) the union committed a breach of the collective bargaining agreement with respect to Plaintiff; (2) the union allowed the breach to go unrepaired and thus violated its duty of fair representation; and (3) "there was some indication that the [u]nion's activities were motivated by racial [or gender-based] animus." *Johnson v. Artim Transp. Sys., Inc.*, 826 F.2d 538, 542 (7th Cir. 1987) (*Johnson*); *accord Greenslade v. Chicago Sun-Times, Inc.*, 112 F.3d 853, 866-67 (7th Cir. 1997). To demonstrate the union's activities were motivated by the required animus, Plaintiff must show that grievances from similarly situated male or non-African-American union members were treated more favorably than her grievance. *Johnson*, 826 F.2d at 542. Plaintiff may also show the union's activities were motivated by the required animus by offering oral or written statements made by union representatives reflecting a racial or gender-based animus.

Here, the other plumbers and caulkers Plaintiff contended were on light duty are not similarly situated to Plaintiff. It is undisputed that none of these employees ever filed a grievance against the City of Chicago concerning light duty, restricted duty, or disability duty. It is further undisputed that Defendant never filed a grievance on behalf of these other employees and that Defendant did not help any of these other employees obtain any job with the City of Chicago. It is also undisputed that there are no light duty positions for plumbers such as Plaintiff.

Plaintiff has not presented any affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that any other similarly situated plumbers or caulkers filed grievances against the City of Chicago. Moreover, Plaintiff has not presented any affidavits, depositions, answers to interrogatories, and admissions on file to

5

demonstrate, through specific evidence, that any racial or gender-based statements were made by union representatives. Therefore, no genuine issue of material fact exists demonstrating Plaintiff has established a *prima facie* violation of Title VII against a union.

With respect to Plaintiff's claim alleging Defendant breached its duty as a union of fair representation, in violation of 29 U.S.C. § 185, Plaintiff had six months from the time she discovered that Defendant would take no more action on her grievance. *Johnson v. Graphic Communications Int'l Union*, 930 F.2d 1178, 1182-83 (7th Cir. 1991); *Adams v. Budd Co.*, 846 F.2d 428, 431 (7th Cir. 1988) (*Adams*). Here, Plaintiff filed an unfair labor practice charge against Defendants regarding the same conduct at issue in this suit with the Illinois Labor Relations Board more than six months before this suit was filed. Filing an unfair labor practice charge with an administrative agency demonstrates Plaintiff believed that Defendant would take no more action on her grievance. *See Adams*, 846 F.2d at 431 (concluding that plaintiffs who filed a charge with the National Labor Relations Board alleging a union breached its duty of fair representation establishes plaintiffs' belief that the union would not pursue their claims). Plaintiff has not presented any arguments to the contrary. Accordingly, no genuine issue of material fact exists as to whether Plaintiff's claim, alleging Defendant breached its duty as a union of fair representation, is time-barred.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is granted.

Dated: 7-16-04

JOHN W. DARRAH
United States District Judge

6